

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,180

### EX PARTE RAYMOND LEE REESE, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 34,609-B IN THE 124TH DISTRICT COURT
## FROM GREGG COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of bail jumping and failure to appear and sentenced to five (5) years' imprisonment.

Applicant contends *inter alia* that he entered his open plea in this cause based upon the belief that he could appeal his conviction and resulting sentence. We remanded this application to the trial court for findings of fact and conclusions of law.

Based on our own review of the record, we find that Applicant's waiver of his right to appeal

was not knowing and intelligent and does not bar him from appealing issues related to his sentence.

Relief is granted. The trial court is instructed to certify Applicant's right to appeal issues related to his sentence. Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 34,609-B from the 124th Judicial District Court of Gregg County. Applicant is ordered returned to that time at which may give a written notice of appeal so that may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: July 1, 2009
Do Not Publish